ROY H. MOSSI, ESQ. [002591985]
SONG LAW FIRM LLC.
400 Kelby Street, 19th Floor
Fort Lee, NJ 07024
Tel: (201) 461-0031
Fax: (201) 461-0032
Attorneys for Plaintiffs  Our File No: CL-483-23-NJ

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HITRONS TECH INC.<br><br>Plaintiff,<br><br>v.<br><br>BODYFRIEND, INC. NORTH AMERICA and BODYFRIEND, CO., LTD<br><br>Defendant. | Civil Case No. 2:24-cv-00039-EP-JRA<br><br>**ANSWER TO COUNTERCLAIM AND SEPARATE DEFENSES** |

Plaintiff Hitrons Tech, Inc ("Plaintiff") by and through its attorneys, SONG LAW FIRM, LLC, ("Bodyfriend") by way of Answer and Separate Defenses to the Counterclaim of Defendant Bodyfriend, USA hereby responds as follows:

**INTRODUCTION**

1. Admitted.

2. Plaintiff denies the allegations of paragraph 3 of the Counterclaim, except admitting that some disputes are related with and/or arising out of the contract's terms applicable to the relationship between the parties.

3. Plaintiff denies the allegations of paragraph 3 of the Counterclaim, except admitting that some disputes are related with and/or arising out of the contract's terms applicable to the relationship between the parties.

4. Denied

5. Denied.

6. Plaintiff denies the allegations of paragraph 6 of the Counterclaim, except admitting that the parties continued to conduct business together.

7. Denied.

### FACTS APPLICABLE TO ALL COUNTS

8. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaim.

9. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Counterclaim.

10. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Counterclaim.

11. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaim.

12. Admitted.

13. Denied.

14. Denied.

15. Admitted.

16. Plaintiff denies the allegations contained in paragraph 16 of the Counterclaim, except admitting that the parties entered into a handshake dealership agreement in or around December 2018.

17. Plaintiff denies the allegations contained in paragraph 17 of the Counterclaim, except admitting that Bodyfriend USA proposed a written agreement with Plaintiff on or about September 4, 2019 (hereinafter "First Contract").

18. Plaintiff denies the allegations contained in paragraph 18 of the counterclaim, except admitting that the First Contract contains the terms and conditions which are annexed herein as **Exhibit A**.

19. Admitted.

20. Denied.

21. Denied.

22. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Counterclaim.

23. Plaintiff denies the allegations contained in paragraph 23 of the Counterclaim, except admitting that the parties continued to conduct business together.

24. Plaintiff denies the allegations contained in paragraph 24 of the Counterclaim, except admitting that the parties continued to conduct business together.

25. Plaintiff denies the allegations contained in paragraph 25 of the Counterclaim, except the Plaintiff began running full-page Korean language newspaper advertisements for the products in the metropolitan Washington D.C. area.

26. Plaintiff denies the allegations contained in paragraph 26 of the Counterclaim except admitting that Plaintiff claimed that it was not possible to stop the newspaper advertisement from being published.

27. Denied.

28. Plaintiff denies the allegations contained in paragraph 29 of the Counterclaim, except admitting that Plaintiff entered into an arrangement with a third-party store in Ellicott City, MD.

29. Plaintiff denies the allegations contained in paragraph 29 of the Counterclaim, except

admitting that there existed an exclusivity agreement between Bodyfriend and Plaintiff.

30. Admitted.

31. Plaintiff denies the allegations contained in paragraph 31 of the Counterclaim, except admitting that Bodyfriend USA sent Plaintiff a dealership agreement on or about June 24, 2021.

32. Plaintiff denies the allegations contained in paragraph 32 of the Counterclaim, except admitting that Plaintiff claimed that there were many complaints about Bodyfriend USA products from its customers and requested Bodyfriend USA to provide mechanical parts to service said complaints.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Plaintiff denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the Counterclaim.

38. Plaintiff denies the allegations contained in paragraph 38 of the Counterclaim, except admitting that Bodyfriend USA sent Plaintiff a letter of termination for the business relationship demanding for Plaintiff to immediately stop selling Bodyfriend's products and using and displaying of the images, brand names and/or any IP of Bodyfriend in any form or medium at any locations.

39. Admitted.

40. Plaintiff denies the allegations contained in paragraph 40 of the Counterclaim, except admitting that Plaintiff began advertising its plans to open a new store in Centreville, VA.

41. Admitted.

**FIRST COUNT**
**(Breach of Contract)**

42. In answering paragraph 42, Plaintiff repeats and reiterates its responsive allegations 1-41 with the same force and effect as if fully set forth herein.

43. Admitted.

**44.** Denied.

45. Denied.
46. Denied.

47. Denied.

    WHEREFORE – Denied

**SECOND COUNT**
**(Breach of Implied Duty of Good Faith and Fair Dealing)**

48. In answering paragraph 48, Plaintiff repeats and reiterates its responsive allegations 1-47 with the same force and effect as if fully set forth herein.

49. Admitted.

50. Denied.

51. Denied.
52. Denied.

53. Denied.

54. Denied.

    WHEREFORE- Denied.

**THIRD COUNT**
**(Tortious Interference with Actual and Prospective Business Relations)**

55. In answering paragraph 55, Plaintiff repeats and reiterates its responsive allegations 1-54

with the same force and effect as if fully set forth herein.

56. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Counterclaim.

57. Denied.

58. Denied.

59. Denied

60. Denied.

61. Denied.

62. Denied.

63. Denied.

   WHEREFORE – Denied

## FOURTH COUNT
### (Tortious Interference with Actual and Prospective Economic Advantages)

64. In answering paragraph 64, Plaintiff repeats and reiterates its responsive allegations 1-63 with the same force and effect as if fully set forth herein.

65. Denied.

66. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Counterclaim.

67. Denied

68. Denied.

**69.** Denied.

**70.** Denied.

   WHEREFORE – Denied.

## FIFTH COUNT
### (Trade Libel)

71. In answering paragraph 71, Plaintiff repeats and reiterates its responsive allegations 1-70.

    with the same force and effect as if fully set forth herein.

**72.** Denied.

**73.** Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied

    WHEREFORE – Denied.

## SIXTH COUNT
### (Product Disparagement)

78. In answering paragraph 78, Plaintiff repeats and reiterates its responsive allegations 1-77

    with the same force and effect as if fully set forth herein.

79. Denied

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

    WHEREFORE – Denied.

## SEVENTH COUNT
### (Specific Performance)

85. In answering paragraph 85, Plaintiff repeats and reiterates its responsive allegations 1-84 with the same force and effect as if fully set forth herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied

91. Denied

92. Denied

WHEREFORE – Denied.

## AFFIRMATIVE AND SEPARATE DEFENSES

By asserting the following separate defenses, Plaintiff does not allege or admit it has the burden of proof and/or the burden of persuasion with respect to any of these matters:

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaim sets forth claims that are barred by their applicable statutes of limitations.

3. Defendant's claims and damages, if any, are barred, in whole or in part, because any loss was caused, in whole or in part by Bodyfriend's own wrongful conduct, breaches of the applicable agreements, if any, violation of New Jersey or other applicable law, and/or its own business practices for which Plaintiff is not responsible.

4. Defendant's alleged claims and damages, if any, are barred, in whole or in part, or limited by, the terms of any applicable agreements by and among the parties.

5. Defendant breached the terms and conditions of the applicable agreements, absolving and excusing Plaintiff of any obligations or performance thereunder.

6. Bodyfriend's alleged claims and damages, if any, are barred, in whole or in part, to the extent that Bodyfriend failed to mitigate damages.

7. Bodyfriend failed to allege a compensable loss.

8. Plaintiff's conduct was not the proximate cause of any alleged damages at issue.

9. The conduct of Bodyfriend was the sole proximate cause or a proximate contributing cause of damages, if any, of which are alleged by Bodyfriend.

10. Bodyfriend's claims and damages, if any, are barred, in whole or in part, by the doctrines of waiver and estoppel.

11. At all times relevant hereto, Plaintiff complied with the parties' applicable agreements.

12. Bodyfriend violated and breached the implied covenants of good faith and fair dealing contained in the respective agreements, if any, with Plaintiff.

13. At all relevant times, Plaintiff acted in good faith. Bodyfriend acted in bad faith in retaliation for Plaintiff exercising its rights.

14. At all relevant times, Plaintiff did not engage in any wrongful and/or unlawful conduct.

15. The counterclaim is barred by the doctrine of unavoidable consequences.

16. Bodyfriend did not suffer any damages.

17. Bodyfriend's breach of its contractual agreements with Plaintiff excuses any non-performance on Plaintiff's part.

18. Bodyfriend's alleged claims and damages, if any, are barred, in whole or in part, by the doctrine of laches.

19. Bodyfriend's alleged claims and damages, if any, are barred, in whole or in part, by the doctrine of unclean hands and/or prior breach.

20. Plaintiff reserves the right to amend its answer to the Counterclaim to assert additional defenses, amended claims and/or supplement, alter or change this response upon discovery of the specific facts upon which Bodyfriend bases its claims for relief, the discovery of additional facts, and upon completion of further discovery.

Dated: July 15, 2024                                      SONG LAW FIRM LLC

                                                          /s/ Roy H. Mossi____
                                                          ROY H. MOSSI
                                                          Attorneys for the Plaintiff
                                                          Parker Plaza,
                                                          400 Kelby St., Ste. 1900
                                                          Fort Lee, NJ 07024
                                                          Tel. (201) 461-0031
                                                          Fax. (201) 461-0032
                                                          Email: rmossi@songlawfirm.com

## CERTIFICATION OF SERVICE

I certify that this Answer with Separate Defenses was filed and served within the time permitted by the Federal Rules of Civil Procedure including any sanctioned extensions thereof and the Local Civil Rules. Filing and service were effectuated by electronically filing this answer with affirmative defenses with the court's CM/ECF system, which will automatically send email

notifications of such filing to all attorneys of record and will likewise be available electronically to any attorneys of record who subsequently appear in this matter.

Dated: July 15, 2024                                    SONG LAW FIRM LLC

                                                     /s/ Roy H. Mossi___
                                            ROY H. MOSSI
                                            Attorneys for the Plaintiff
                                            Parker Plaza,
                                            400 Kelby St., Ste. 1900
                                            Fort Lee, NJ 07024
                                            Tel. (201) 461-0031
                                            Fax. (201) 461-0032
                                            Email: rmossi@songlawfirm.com